**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **DON LEE EMORY, SR.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **NO. 5:15-CV-0105-MTT-CHW** |
| **VS.** | : | |
| | : | |
| **Warden CEDRIC TAYLOR, et al,** | : | |
| | : | **PROCEEDINGS UNDER 42 U.S.C. § 1983** |
| **Defendants.** | : | **BEFORE THE U. S. MAGISTRATE JUDGE** |

## ORDER

Plaintiff **DON LEE EMORY**, a prisoner currently confined at Baldwin State Prison in Hardwick, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.   Plaintiff also seeks to proceed in this case without pre-payment of the Court's filing fee.   For those reasons stated herein, Plaintiff's Motion to Proceed *in forma pauperis* is **GRANTED**.   After conducting a preliminary review of Plaintiff's Complaint, the undersigned also finds his allegations sufficient to allow Eighth Amendment claims against **Dr. Akunwanne** to go forward.   It is **RECOMMENDED**, however, that all other parties and claims, as discussed herein, be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

### I.      Motion to Proceed *in forma pauperis*

Plaintiff has filed a Motion to Proceed *in forma pauperis*.   Based on his submissions, the undersigned finds that Plaintiff is currently unable to pre-pay the Court's $350.00 filing fee.   His Motion (Doc. 2) is thus **GRANTED**.   *See* 28 U.S.C. § 1915(b).   This does not mean that the filing fee is waived.   Plaintiff is still obligated to pay the full balance of the filing fee using the

payment plan described in § 1915(b) and ordered herein, *see infra* p.7-8.  For this reason, the Clerk of Court is **DIRECTED** to send a copy of this Order to the warden or business manager of the facility in which Plaintiff is currently confined.

## II.    Preliminary Screening of Plaintiff's Complaint

### A.  Standard of Review

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint.   *See* 28 U.S.C. § 1915A(a).   In so doing, the district court must accept all factual allegations in the complaint as true.  *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed" by the court.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

A *pro se* pleading is, nonetheless, subject to dismissal prior to service if the court finds that the complaint, when construed liberally and viewed in the light most favorable to the plaintiff, fails to state a claim upon which relief may be granted.   *See* 28 U.S.C. § 1915A(b)(1).   To state a claim, a complaint must include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56(2007).   The plaintiff must also allege sufficient facts to "raise the right to relief above the speculative level" and create "a reasonable expectation" that discovery will reveal evidence necessary to prove a claim.  *See id.*   "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice."   *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

### B.  Plaintiff's Claims

The present action arises out of an alleged denial of medical care at Baldwin State Prison. The Complaint alleges that Defendant Dr. Akunwanne repeatedly failed or refused to treat an "open wound" on Plaintiff's chest, which was a result of Plaintiff's prior heart surgery.   Plaintiff alleges that his wound was constantly "draining," and he was forced to use toilet paper and boxing tape to dress it.  He filed medical request forms in October and November of 2014, but Dr. Akunwanne refused to see him or prescribe treatment.  Plaintiff eventually showed Warden Taylor the condition of his wound.  Taylor immediately ordered that Plaintiff be provided medical treatment. Dr. Akuwanne, however, allegedly continued to deny or delay treatment.

In December 2014, Plaintiff experienced heart problems and was rushed to the hospital. There, the physician advised staff that Plaintiff needed to receive proper treatment for the wound. Thus, when he returned to the prison, Plaintiff was issued seven band aids and given the responsibility to properly clean and keep his wound covered until treatment was arranged. At or around that time, Plaintiff filed an institutional grievance, which was denied by the medical administrator, Vernon Speight, after Plaintiff inquired as to its status in January of 2015.  A month later, Plaintiff was finally transported to Augusta State Medical Prison for his standard six-month follow-up visit with the cardiologist.  The cardiologist stated that he had never been made aware of the "post-surgery complication" with Plaintiff's wound.

Plaintiff's allegations, when liberally construed and read in his favor, are sufficient to allow his Eighth Amendment claims against **Dr. Akwuwanne** to go forward.  It is thus **ORDERED** that service be made on this defendant and that he file an Answer, or such other response as may be appropriate under the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and

the Prison Litigation Reform Act.   Defendant is also reminded of the duty to avoid unnecessary service expenses and the possible imposition of expenses for failure to waive service.

Plaintiff, however, has failed to state a viable Eighth Amendment claim against Defendants Taylor and Speight.   To state an Eighth Amendment claim for inadequate medical care, a plaintiff must allege facts to show (1) that his medical need was objectively serious; and (2) that the defendant acted with deliberate indifference to his serious need.   *Wilson v. Seiter,* 501 U.S. 294, 297 (1991).   Although, in this case, Plaintiff has articulated a sufficiently serious medical need, he has not alleged sufficient facts to show that Defendants Taylor and Speight acted with deliberate indifference to this need.   Plaintiff in fact alleges that, as soon as Warden Taylor was subjectively aware of a denial of medical care, he immediately ordered that Plaintiff be treated. There is no allegation that Taylor was aware of the continued denial of treatment thereafter.

The fact that Plaintiff subsequently filed a medical grievance, which was denied, is further not sufficient to impose liability on Defendant Speight.   Prison officials, whose only roles involve the denial of an administrative grievance or the failure to act, are not liable on the theory that failure to act constituted acquiescence in the unconstitutional conduct, even if the grievance the prisoner's grievance is denied.   *Grinter v. Knight*, 532 F.3d 567 (6th Cir.2008); *Shehee v. Luttrell*,199 F.3d 295, 300 (6th Cir.1999), cert. denied, 530 U.S. 1264 (2000).   *See also Asad v. Crosby*, 158 F. App'x 166, 170–72 (11th Cir. 2005); *Brock v. Wright*, 315 F.3d 158 (2d Cir. 2003)

It is therefore **RECOMMENDED** that Plaintiff's claims against Warden Cedric Taylor and Vernon Speight be **DISMISSED without prejudice** for failure to state a claim.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to the recommendations herein with the Honorable Marc Treadwell, United States District Judge,

4

**WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## DUTY TO ADVISE OF ADDRESS CHANGE

During this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel,

however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

**DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff.   Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.   Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.   Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with his custodian.   Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Fed. R. Civ. P. 37 of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court.   This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.   No party is required to respond to any request which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities.   Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred-twenty (120) days from when the discovery period begins.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until

the filing fee is paid in full, provided the amount in the account exceeds $10.00.   It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.   In addition, Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED**, this 28th day of April, 2015.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge