IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **DON LEE EMORY, SR,** | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Case No: 5:15-cv-00105 (MTT) |
| | : | |
| **IKECHUKWU AKUNWANNE,** | : | Proceedings Under 42 U.S.C. § 1983 |
| **Defendants.** | : | Before the U.S. Magistrate Judge |

**REPORT AND RECOMMENDATION**

Plaintiff Don Lee Emory, Sr filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Doc. 1. Because Plaintiff has failed to prosecute this case by keeping the Clerk of Court and all opposing parties advised of his current mailing address at all times, it is **RECOMMENDED** that the above-styled case be **DISMISSED**.

On April 28, 2015, the Court issued an order providing instructions to the parties in the above-styled case. Doc. 5. In that order, the Court specifically advised Plaintiff that "he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute." *Id*. at 5. The order also directed the parties to keep the Clerk of Court and all opposing parties advised of their current mailing address at all times, warning that the "failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings." *Id*.

The record establishes that Plaintiff has not kept the Clerk of Court and all opposing parties advised of his current mailing address. The April 28, 2015 Order was mailed to Plaintiff's last known address on the same day.  On May 18, 2015, that mail was returned to the Court as undeliverable in an envelope marked "refused by Baldwin" for the reason of "discharged." Doc. 8.

On September 3, 2015, the Clerk of Court mailed a second Order to Plaintiff's last known address. Doc. 13. This Order was returned to the Court as undeliverable on September 21, 2015, and was again marked "discharged." Doc. 15. On December 2, 2015, the Court entered a show cause Order ordering Plaintiff to "respond and show cause why his lawsuit should not be dismissed for failure to prosecute." Doc. 17. This Order was mailed to Plaintiff, but five days later it was returned to the court as undeliverable and marked "discharged." Doc 18.

As of the date of this Report and Recommendation, it has been over a years since Plaintiff last contacted the Court, and it has been over four months since the show cause Order was entered. A Georgia Department of Corrections Inmate Search reveals that Plaintiff was released on parole April 21, 2015.

Because Plaintiff has failed to keep the Clerk of Court and all opposing parties advised of his current mailing address at all times, the Court must conclude that Plaintiff has abandoned his claims. Accordingly, **IT IS RECOMMENDED** that the above-styled case be **DISMISSED** based on Plaintiff's failure to diligently prosecute this case.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions

if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 8th day of April, 2016.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
